UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
----------------------------------------------------X
EVE WEXLER

Plaintiff,

**COMPLAINT - JURY TRIAL DEMANDED**

v.

EQUIFAX INFORMATION SERVICES, LLC

Defendant.
-------------------------------------------------------X

Plaintiff, through her attorney, alleges as follows:

**INTRODUCTION AND BACKGROUND INFORMATION**

1. In the middle of December 2015, Plaintiff purchased a house for $540,000 with the help of a mortgage loan designed specifically for physicians in the amount of $486,000.

2. Prior to obtaining the loan, in or around May 2015 Plaintiff accessed her credit report with Equifax and noticed a Department of Treasury collection trade line on her report. **See Exhibit A**. In early July 2015, Plaintiff disputed this trade line.

3. In violation of the Fair Credit Reporting Act, Equifax failed to forward Plaintiff's dispute to the Department of Treasury thereby causing Plaintiff to get a rate that was higher than she should have gotten for her $486,000 loan.

4. The Department of Treasury trade line arose because the Federal Emergency Management Agency ("FEMA") gave, and then demanded back, approximately $1,928 it had given Plaintiff by way of a grant.

5. The grant was given to Plaintiff because while she attended Tulane Medical School in August of 2005 she resided in New Orleans when Hurricane Katrina destroyed Plaintiff's property.

6. Many years later FEMA claimed they had mistakenly given the money to Plaintiff (and mistakenly given money to many other Hurricane Katrina victims) and demanded the money back.

7. Plaintiff disagreed with FEMA that she was not entitled to retain the money FEMA had given her and vigorously disputed the debt in accordance with FEMA's policy regarding disputing debts.

8. Nevertheless, after FEMA made a final determination that Plaintiff had to give the money back, Plaintiff reluctantly agreed to pay all the money back pursuant to a payment agreement in March of 2014.

9. The final payment of the payment agreement was made in September 2014.

10. When Plaintiff began to look at houses to purchase, she accessed her credit report to ensure that it was correct so that she could get the best possible terms for a loan as she knew that she was going to need a loan to buy the house.

11. She noticed on her report that FEMA by way of the Department of Treasury was reporting about Plaintiff's FEMA account as it being a paid collection with date of first major delinquency of 10/2014.

12. On or about July 7, 2015, Plaintiff disputed this trade line because she had always paid as per her agreement with FEMA and the account was not a collection account and 10/2014 is a date after Plaintiff had completely paid off the loan so it cannot be the date of the first major delinquency.

13. Indeed Equifax's own records show that the account had been paid in full in September 2014.

14. Plaintiff also disputed on July 7, 2015 in the same letter a number of other trade lines.

15. Equifax did not investigate nor forward plaintiff's dispute to the Department of Treasury as required by the Fair Credit Reporting Act.

16. Plaintiff received dispute results back from her other disputes but not from her dispute concerning the FEMA account.

## JURISDICTION AND VENUE

17. This Court has jurisdiction under 15 U.S.C. § 1681(p) (FCRA).

18. Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this lawsuit occurred within this district and Equifax resides in this District.

## PARTIES

19. Defendant Equifax Information Services, LLC is a corporation with offices in Atlanta, Georgia and is a "consumer reporting agency" as defined by the FCRA.

20. According to Equifax's website, http://investor.equifax.com/ on April 6, 2016, for the twelve months ending in December 31, 2015, Equifax reported operating revenue of $2,663,600,000 (i.e. more than $2.5 billion).

21. Plaintiff is an individual and a consumer and resides at 1856 Berkeley Mews NE, Atlanta, GA 30329.

## FCRA VIOLATIONS ALLEGED

22. Plaintiff incorporates all of the above paragraphs as though fully stated herein.

23. Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, Equifax is required to conduct a reasonable reinvestigation if a consumer such as plaintiff disputes the completeness or accuracy of an item on his or her credit report:

**§1681i. Procedure in case of disputed accuracy**

**(a) Reinvestigations of disputed information.**

**(1) Reinvestigation required.**

**(A) In general. If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.**

**(B) Extension of period to reinvestigate. Except as provided in subparagraph (C), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.**

**(C) Limitations on extension of period to reinvestigate. Subparagraph (B)shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.**

**(2) Prompt notice of dispute to furnisher of information.**

**(A) In general. Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer.**

**(B) Provision of other information from consumer. The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A). . . .**

**(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the**

**consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

**(5) Treatment of inaccurate or unverifiable information.**

**(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. .**

24. Plaintiff sent a dispute letter to Equifax on or about July 7, 2015 disputing the completeness and accuracy of her file. The contents of the first page of that letter are attached as **Exhibit B**.

25. Equifax responded to the letter by sending Plaintiff a dispute results letter. This letter is attached as **Exhibit C** to the Complaint. Notably, the letter does not inform Plaintiff that the dispute about the Department of Treasury was investigated. Plaintiff received no other letters advising her that her Department of Treasury dispute was investigated by Equifax or forwarded by Equifax to the Department of Treasury.

26. Equifax violated 1681i of the FCRA because: 1) Equifax failed to delete or conduct an investigation of the Department of Treasury trade line; 2) Equifax failed to forward all relevant information from Plaintiff's dispute to the Department of Treasury; 3) failed to delete the Department of Treasury trade line when it couldn't be verified.

27. Under the Fair Credit Reporting Act, 15 U.S.C. §1681e, Equifax is required to follow reasonable procedures to assure maximum possible accuracy when it issues a credit report. Section 1681e provides:

**§ 1681e. Compliance procedures**

**(b) Accuracy of report**

**Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

28. All of the factual allegations outlined above demonstrate that Equifax willfully, knowingly, recklessly and/or negligently failed to follow reasonable procedures to assure maximum possible accuracy when it sold Plaintiff's credit information to potential lenders containing the false department of treasury account.

29. At all times relevant hereto, Equifax was acting through their agents, servants and/or employees who were acting within the scope of their employment or agency, or both, and under the direct supervision of Equifax.

30. Equifax's unlawful conduct proximately caused Plaintiff actual damages, including but not limited to: harm to credit reputation; unfavorable credit terms; reduction in credit score; emotional distress and mental anguish; out-of-pocket expenses; and time.

31. Plaintiff is entitled to damages pursuant to15 U.S.C. §1681n and/or §1681o from Equifax to be determined by a jury.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against Equifax for:

(1) Appropriate actual, punitive and statutory damages;

(2) Litigation expenses, Attorney's fees and costs of suit;

(3) Such other or further relief as the Court deems proper.

Dated: Decatur, GA
April 7, 2016

/s/ *Shimshon Wexler*
The law Offices of Shimshon Wexler, PC
Georgia Bar No. 436163
315 W Ponce de Leon Ave Suite 250
Decatur, GA 30030
212-760-2400

917-512-6132 (fax)
swexleresq@gmail.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/ *Shimshon Wexler*

# EXHIBIT A

| | 10/2013 | 09/2013 | 08/2013 | N/A | N/A | N/A |
|---|---|---|---|---|---|---|
| Balance | 6000 | 6000 | 6000 | | | |
| Scheduled Payment Amount | | | | | | |
| Actual Payment Amount | | | | | | |
| Date of Last Payment | 06/2013 | 06/2013 | 06/2013 | | | |
| High Credit | 6000 | 6000 | 6000 | | | |
| Credit Limit | | | | | | |
| Amount Past Due | 0 | 0 | 0 | | | |
| Type of Loan | Education Loan | Education Loan | Education Loan | | | |
| Activity Designator | | | | | | |
| Comments | Student loan - payment deferred | Student loan - payment deferred | Student loan - payment deferred | | | |

# Closed Accounts

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Status | Credit Limit |
|---|---|---|---|---|---|---|---|
| DEPARTMENT OF TREASU | 2014086XXXX | 03/21/2014 | $0 | 10/28/2014 | | | |

US DEPT OF THE TREASURY

Dms-Credit Bureau Reportin
PO Box 830794
Birmingham , AL-352830794

| | | | |
|---|---|---|---|
| Account Number: | 2014086XXXX | Current Status: | |
| Account Owner: | Individual Account. | High Credit: | $ 1,928 |
| Type of Account : | Open | Credit Limit: | |
| Term Duration: | | Terms Frequency: | |
| Date Opened: | 03/21/2014 | Balance: | $ 0 |
| Date Reported: | 10/28/2014 | Amount Past Due: | |
| Date of Last Payment: | 09/2014 | Actual Payment Amount: | |

| | | | |
|---|---|---|---|
| Scheduled Payment Amount: | | Date of Last Activity: | N/A |
| Date Major Delinquency First Reported: | 10/2014 | Months Reviewed: | 6 |
| Creditor Classification: | | Activity Description: | N/A |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | | Type of Loan: | Govt Grant |
| Date of First Delinquency: | 09/2014 | | |
| Comments: | Paid collection | | |

81-Month Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2014 | | | * | * | * | * | * | * | * | | | |

Historical Account Information

| | N/A | N/A | N/A | N/A | N/A | N/A |
|---|---|---|---|---|---|---|
| Balance | | | | | | |
| Scheduled Payment Amount | | | | | | |
| Actual Payment Amount | | | | | | |
| Date of Last Payment | | | | | | |
| High Credit | | | | | | |
| Credit Limit | | | | | | |
| Amount Past Due | | | | | | |
| Type of Loan | | | | | | |
| Activity Designator | | | | | | |
| Comments | | | | | | |

| | 10/2014 | 09/2014 | 08/2014 | 07/2014 | N/A | 05/2014 |
|---|---|---|---|---|---|---|
| Balance | 0 | 0 | 219 | 295 | | 449 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Scheduled Payment Amount | | 100 | 100 | 100 | | 100 |
| Actual Payment Amount | | 300 | 100 | 100 | | |
| Date of Last Payment | 09/2014 | 09/2014 | 08/2014 | 07/2014 | | |
| High Credit | 1928 | 1928 | 1928 | 1928 | | 1928 |
| Credit Limit | | | | | | |
| Amount Past Due | | | | | | |
| Type of Loan | Govt Grant | Govt Grant | Govt Grant | Govt Grant | | Govt Grant |
| Activity Designator | | | | | | |
| Comments | Paid collection | | | | | |

| | N/A | N/A | N/A | N/A | N/A | N/A |
|---|---|---|---|---|---|---|
| Balance | | | | | | |
| Scheduled Payment Amount | | | | | | |
| Actual Payment Amount | | | | | | |
| Date of Last Payment | | | | | | |
| High Credit | | | | | | |
| Credit Limit | | | | | | |
| Amount Past Due | | | | | | |
| Type of Loan | | | | | | |
| Activity Designator | | | | | | |
| Comments | | | | | | |

| | N/A | N/A | N/A | N/A | N/A | N/A |
|---|---|---|---|---|---|---|
| Balance | | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Scheduled Payment Amount | | | | | | |
| Actual Payment Amount | | | | | | |
| Date of Last Payment | | | | | | |
| High Credit | | | | | | |
| Credit Limit | | | | | | |
| Amount Past Due | | | | | | |
| Type of Loan | | | | | | |
| Activity Designator | | | | | | |
| Comments | | | | | | |

XPRESS LOAN SERVICIN  4947258686EG0XXXX       07/29/2007    $0           10/29/2012           PAYS AS AGREED

## XLS/EFR

Slx-Student Loans
1 Cit Dr
Livingston , NJ-070395703
(973) 597-2159

| | | | |
|---|---|---|---|
| Account Number: | 4947258686EG0XXXX | Current Status: | PAYS AS AGREED |
| Account Owner: | Individual Account. | High Credit: | $ 34,225 |
| Type of Account : | Installment | Credit Limit: | |
| Term Duration: | | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 07/29/2007 | Balance: | $ 0 |
| Date Reported: | 10/29/2012 | Amount Past Due: | |
| Date of Last Payment: | 02/2011 | Actual Payment Amount: | |
| Scheduled Payment Amount: | | Date of Last Activity: | 10/2009 |
| Date Major Delinquency First Reported: | | Months Reviewed: | 37 |
| Creditor Classification: | | Activity Description: | Transfer/Sold |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | 02/2011 | Type of Loan: | Education Loan |

# EXHIBIT B

*Eve Oster Wexler*
*1411 Dalewood Dr NE*
*Atlanta, GA 30329*
*DOB* REDACTED
*SS#*
*Tel (646)549-0000*
evieal@gmail.com

July 7, 2015

*Via Certified Mail Return Receipt Requested*

Re: My Credit Report with Equifax

Dear Equifax:

Enclosed please find 2 pages of my credit report showing 2 accounts with KY Higher Ed St Loan Corp. I do not have these accounts. It should be deleted. These accounts are showing deferred but this is incorrect. I do not have these accounts.

Also, I have enclosed an account with the Department of Treasury. This account stems from a grant which was given to me by the government after Hurricane Katrina in New Orleans. Many years after the hurricane, I was told that I was ineligible for the grant and had to return the money. In March of 2014, I agreed to a payment plan with the Department of Treasury and I was never late with any of the payments yet my credit report says that this is a paid collection in the comments. It is not a paid collection because I always paid as agreed. It was never turned over to collections. Also it shows date of first delinquency as 9/2014- this is false. I was never delinquent and paid off the entire account in 9/2014—this can be seen from your own monthly account history showing a zero balance in 9/2014. Lastly, it shows date major delinquency first reported as 10/2014, as already stated, this account was fully paid off in 09/2014. Your own account history shows this.

Please call me with any questions.

Thank you,

Eve Wexler

# EXHIBIT C

P. O. Box 105518
Atlanta, GA 30348

000001212 F0ECA07171502230100001 000000
001987514-3063
Eve O Wexler
1411 Dalewood Dr NE
Atlanta, GA 30329-3407

**EQUIFAX**

**CREDIT FILE : July 16, 2015**
**Confirmation # 5195020673**

Dear Eve O Wexler:

Below are the results of your reinvestigation request and, as applicable, any revisions to your credit file. If you have additional questions regarding the reinvestigated items, please contact the source of that information directly. You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 425-7961 from 9:00am to 5:00pm Monday-Friday in your time zone.

For an added convenience, use one of the below options to start an investigation or check the status of your dispute.

Please note, when you provide documents, including a letter, to Equifax as part of your dispute, the documents may be submitted to one or more companies whose information are the subject of your dispute.

Visit us at **www.equifax.com/CreditReportAssistance** or Call us at 866-349-5186.

Thank you for giving Equifax the opportunity to serve you.

***The Results Of Our Reinvestigation***

***Credit Account Information***
*(For your security, the last 4 digits of account number(s) have been replaced by *)*
*(This section includes open and closed accounts reported by credit grantors)*

| ***Account History Status Code Descriptions*** | | | |
|---|---|---|---|
| | 1 : 30-59 Days Past Due | 5 : 150-179 Days Past Due | J : Voluntary Surrender |
| | 2 : 60-89 Days Past Due | 6 : 180 or More Days Past Due | K : Repossession |
| | 3 : 90-119 Days Past Due | G : Collection Account | L : Charge Off |
| | 4 : 120-149 Days Past Due | H : Foreclosure | |

>>> ***We have researched the credit account. Account # - 4241752* The results are:*** This item has been deleted from the credit file. If you have additional questions about this item please contact: ***KY Higher Ed St Loan Corp, PO Box 24328, Louisville KY 40224-0328 Phone: (800) 693-8220***

>>> ***We have researched the credit account. Account # - 4241752* The results are:*** This item has been deleted from the credit file. If you have additional questions about this item please contact: ***KY Higher Ed St Loan Corp, PO Box 24328, Louisville KY 40224-0328 Phone: (800) 693-8220***

>>> ***We have researched the credit account. Account # - 876* The results are:*** We verified that this item belongs to you. Additional information has been provided from the original source regarding this item. If you have additional questions about this item please contact: ***KY Higher Ed St Loan Corp, PO Box 24328, Louisville KY 40224-0328 Phone: (800) 693-8220***

( Continued On Next Page )

**KY Higher Ed St Loan Corp** ***PO Box 24328 Louisville KY 40224-0328 : (800) 693-8220***

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| 876* | 07/01/2005 | $17,834 | $0 | 240 Months | Monthly | 22 | Transfer/Sold | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymnt | Actual Paymnt Amount | Scheduled Paymnt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/16/2015 | $0 | $0 | | $0 | $0 | | 05/2008 | | $0 | | $0 | | 09/2009 |

Status - Pays As Agreed; Type of Account - Installment; Type of Loan - Education Loan; Whose Account - Individual Account; ADDITIONAL INFORMATION - Account Transferred or Sold; Student Loan;

>>> ***We have researched the credit account. Account # - 876* The results are:*** We verified that this item belongs to you. Additional information has been provided from the original source regarding this item. If you have additional questions about this item please contact: ***KY Higher Ed St Loan Corp, PO Box 24328, Louisville KY 40224-0328 Phone: (800) 693-8220***

**KY Higher Ed St Loan Corp** ***PO Box 24328 Louisville KY 40224-0328 : (800) 693-8220***

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| 876* | 02/01/2007 | $15,000 | $0 | 240 Months | Monthly | 22 | Transfer/Sold | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymnt | Actual Paymnt Amount | Scheduled Paymnt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/16/2015 | $0 | $0 | | $0 | $0 | | 05/2008 | | $0 | | $0 | | 09/2009 |

Status - Pays As Agreed; Type of Account - Installment; Type of Loan - Education Loan; Whose Account - Individual Account; ADDITIONAL INFORMATION - Account Transferred or Sold; Student Loan;

>>> ***We have researched the credit account. Account # - 4241752* The results are:*** This item has been deleted from the credit file. If you have additional questions about this item please contact: ***KY Higher Ed St Loan Corp, PO Box 24328, Louisville KY 40224-0328 Phone: (800) 693-8220***

## *Notice to Consumers*

You may request a description of the procedure used to determine the accuracy and completeness of the information, including the business name and address of the furnisher of information contacted, and if reasonably available the telephone number.

If the reinvestigation does not resolve your dispute, you have the right to add a statement to your credit file disputing the accuracy or completeness of the information; the statement should be brief and may be limited to not more than one hundred words (two hundred words for Maine residents) explaining the nature of your dispute.

If the reinvestigation results in the deletion of disputed information, or you submit a statement in accordance with the preceding paragraph, you have the right to request that we send your revised credit file to any company specifically designated by you that received your credit report in the past six months (twelve months for California, Colorado, Maryland, New Jersey and New York residents) for any purpose or in the past two years for employment purposes.

( End Of Report )