IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| EVE WEXLER, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. |
| | ) |
| v. | ) 1:16-cv-01131-LMM-JSA |
| | ) |
| EQUIFAX INFORMATION SERVICES LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

**ANSWER**

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies those

allegations.

2.      Equifax admits that it received a dispute from Plaintiff on July 12, 2015 regarding the Department of Treasury trade line and other items of information.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and, therefore, denies those allegations.

3.      Equifax denies that it violated the Fair Credit Reporting Act.  Equifax admits that it did not forward Plaintiff's dispute to the Department of Treasury.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies those allegations.

4.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, denies those allegations.

5.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies those allegations.

6.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies those allegations.

7. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies those allegations.

8. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies those allegations.

9. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies those allegations.

10. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies those allegations.

11. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, denies those allegations.

12. Equifax admits that it received a dispute from Plaintiff on July 12, 2015 regarding the Department of Treasury trade line and other items of information. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and, therefore,

denies those allegations.

13. Equifax admits that the Department of Treasury trade line appeared on Plaintiff's credit file with a date of last activity of September 2014. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and, therefore, denies those allegations.

14. Equifax admits that it received a dispute from Plaintiff on July 12, 2015 regarding the Department of Treasury trade line and other items of information.

15. Equifax admits that it did not forward Plaintiff's dispute to the Department of Treasury. Equifax denies that it failed to conduct a reinvestigation of Plaintiff's dispute. Equifax denies that it violated the Fair Credit Reporting Act.

16. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies those allegations.

17. To the extent Plaintiff has properly alleged her claims, Equifax admits the Court may exercise its jurisdiction.

18. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies those

allegations.

19. Equifax admits the allegations in Paragraph 19.

20. Equifax denies the allegations in Paragraph 20.

21. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies those allegations.

22. Equifax restates and incorporates its answers and defenses to Paragraphs 1 through 21 as if fully set forth herein.

23. Equifax states that the provisions of the FCRA purportedly quoted in Paragraph 23 speak for themselves and to the extent Plaintiff misquotes, misstates, misrepresents, and/or mischaracterizes the provisions of the FCRA the allegations are denied.

24. Equifax admits that it received a dispute from Plaintiff on July 12, 2015 regarding the Department of Treasury trade line and other items of information. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and, therefore, denies those allegations.

25. Equifax admits that on July 16, 2015 it provided the results of its reinvestigation to Plaintiff of her dispute received July 12, 2015. Equifax is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and, therefore, denies those allegations.

26. Equifax denies the allegations in Paragraph 26.

27. Equifax states that the provisions of the FCRA purportedly quoted in Paragraph 27 speak for themselves and to the extent Plaintiff misquotes, misstates, misrepresents, and/or mischaracterizes the provisions of the FCRA the allegations are denied.

28. Equifax denies the allegations in Paragraph 28.

29. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies those allegations.

30. Equifax denies the allegations in Paragraph 30.

31. Equifax admits Plaintiff has demanded a trial by jury and likewise demands a jury trial in this case. Equifax denies the remaining allegations in Paragraph 31.

32. Equifax denies that the Plaintiff is entitled to any relief claimed in her Prayer for Relief on page 9 of her Complaint.

33. Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby denied.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

## SECOND DEFENSE

At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

## THIRD DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

## FOURTH DEFENSE

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## FIFTH DEFENSE

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

### SIXTH DEFENSE

Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

Equifax reserves the right to have additional defenses that it learns through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)  Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)  It be dismissed as a party to this action;

(3)  It receive a trial by jury for all issues so triable;

(4)  It recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted this 29th day of April, 2016.

           KING & SPALDING LLP

           By: /s/ *Kendall W. Carter*
           Phyllis B. Sumner (Ga. Bar No. 692166)
           Meryl W. Roper (Ga. Bar No. 238919)
           Kendall W. Carter (Ga. Bar No. 114556)
           1180 Peachtree Street N.E.
           Atlanta, Georgia  30309-3521
           Tel:  (404) 572-4600
           Fax:  (404) 572-5100
           Email:  psumner@kslaw.com
           Email:  mroper@kslaw.com
           Email:  kcarter@kslaw.com

           *Attorneys for Equifax Information Services LLC*

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that 14 point New Times Roman was used for this pleading and that it has been formatted in compliance with Local Rule 5.4.

This 29th day of April, 2016.

                                            /s/ *Kendall W. Carter*
                                            Kendall W. Carter

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notifications of such filing to the following attorneys of record:

Shimshon E. Wexler
Shimshon Wexler, Attorney at Law
Suite 250
315 West Ponce De Leon
Atlanta, GA 30030

/s/ *Kendall W. Carter*
Kendall W. Carter
Attorney for Equifax Information
Services LLC